IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHARLES E. McMANAMA, ) | |
| ) | |
| Plaintiff, ) | CV-05-1074-ST |
| ) | |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATION |
| EDWARD J. JONES and ROBERT ) | |
| BONAPARTE, ) | |
| ) | |
| Defendants. ) | |

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiff, Charles E. McManama, appearing *pro se*, seeks to recover damages from a state court judge and opposing counsel arising out of a judgment entered against plaintiff on May 16, 2005, in a case filed in the Circuit Court for the State of Oregon for the County of Multnomah, *McManama v. Henneman*, Case No. 040909424. The basis of plaintiff's claim is 42 USC § 1983 for a "deprival of due process, equal protection, and the failure to rule objectively, thereby depriving plaintiff the protection of the United States Constitution (Fifth Amendment,

1 - FINDINGS AND RECOMMENDATION

Fourteenth Amendment, and Article I, including other constitutional authorities)." For the reasons set forth below, the Complaint should be dismissed for lack of subject matter jurisdiction.

## STANDARDS

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

## DISCUSSION

**I.      No § 1983 Claim Against a Private Party**

A plaintiff asserting a claim for relief under 42 USC § 1983 must allege a factual basis that satisfies the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991). Because a private party does not act under color of state law, private parties cannot be held liable for damages under § 1983.

Plaintiff seeks damages under § 1983 against defendant Robert Bonaparte ("Bonaparte"), the attorney who represented the defendant who obtained the judgment against plaintiff in the state court action. Although plaintiff alleges that defendants are "officers of the Oregon Circuit Court for Multnomah County," that allegation is incorrect with respect to Bonaparte. Based on the attachments to the Complaint, it is clear that Bonaparte is not a state employee or official, but is a private attorney who represented a private party in a lawsuit. As such, he does not act under color of state law and cannot be held liable under § 1983 absent evidence that he conspired with state officials in deprive plaintiff of a federal right. *Kimes v. Stone*, 84 F3d 1121, 1126 (9th Cir 1996).

To state a claim against a private entity on a § 1983 conspiracy theory, a complaint must allege facts demonstrating that the private entity acted in concert with a state actor to commit an unconstitutional act. *Ciambriello v. County of Nassau*, 292 F3d 307, 324 (2nd Cir 2002). A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 conspiracy claim against the private entity. *Id*. Since nothing in the Complaint or its attachments provides any factual basis for any conspiracy theory, plaintiff cannot state a valid § 1983 claim against Bonaparte.

## II.  No § 1983 Claim Against a Judge

Plaintiff also seeks damages under § 1983 against defendant Edward J. Jones ("Jones"), a judge for the Circuit Court of Multnomah County. Judges are entitled to absolute immunity from "damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F2d 1202, 1204 (9th Cir), *cert denied* 488 US 995 (1988), *citing Ashelman v. Pope*, 793 F2d 1072, 1075 (9th Cir 1986) (*en banc*). The only time a judge loses absolute

3 - FINDINGS AND RECOMMENDATION

immunity is "when he [or she] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Id*, citing *Forrester v. White*, 484 US 222, 226-30 (1988); *Stump v. Sparkman*, 435 US 349, 356-57 & n. 7 (1978); and *Ashelman*, 793 F2d at 1075. Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of [judicial] immunity." *Moore v. Brewster*, 96 F3d 1240, 1244 (9th Cir 1996), *cert denied*, 519 US 1118 (1997), citing *Schucker*, 846 F2d at 1204. The Civil Rights Act does not constitute a waiver of judicial immunity. *Pierson v. Ray*, 386 US 547, 554-55 (1967).

Plaintiff does not contend that any decision issued by Jones was anything but judicial in nature. The orders and judgment at issue were entered by Jones in his capacity as the assigned judge. All the alleged conduct occurred in court, involved the exercise of normal judicial functions, and arose directly out of a case filed with that court. Further, it was the kind of activity open to correction through the ordinary mechanisms of appellate review. Even if Jones's actions may have been in error, his activity was judicial in nature and within the scope of his jurisdiction. Thus, Jones is entitled to absolute judicial immunity for damages. This deficiency cannot be cured by any amendment.

///
///
///
///
///
///
///

## RECOMMENDATION

Because neither defendant can be held liable for damages under § 1983, the Complaint (docket #1) should be dismissed with prejudice for lack of subject matter jurisdiction.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **August 5, 2005.** If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

## NOTICE

Failure to timely file objections to the Findings and Recommendation will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in any order or judgment entered by the district court.

The Findings and Recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

DATED this 15th day of July, 2005.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge